# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TYRONE RYNES,

    Petitioner,

v.                                              CASE NO: 8:06-CV-379-T-30TGW

WALTER A. MCNEIL,[1]

    Respondent.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. 1). Petitioner is challenging his 2001 conviction and sentence entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. The Court has considered the petition, Respondent's response (Dkt. 9) and Petitioner's reply (Dkt. 14). Upon review, the Court determines that the petition must be denied because it fails to merit habeas relief under 28 U.S.C. §2254(d) and (e).

## BACKGROUND

Petitioner was charged with carjacking with a firearm, and he was found to be guilty after a jury trial. He was sentenced to life in prison with a ten year minimum mandatory sentence as a prison releasee reoffender on December 13, 2001. Petitioner filed a direct

---

[1] Walter A. McNeil, the Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James McDonough, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

appeal on August 28, 2002, raising four issues (grounds one - four of the instant petition). The state appellate court affirmed the decision of the trial court without written opinion on February 26, 2003. Mandate issued on March 21, 2003. The Petitioner did not seek certiorari review in the Supreme Court.

On September 2, 2004, Petitioner filed an amended *pro se* motion pursuant to Fla. R. Crim. P. 3.850(a), challenging his conviction and sentence on nine grounds (grounds five - thirteen of the instant petition).[2] The state court issued an order on January 3, 2005, denying grounds 1c (in part), 3b, 6, and 9 (Dkt. 11, Ex. 6). On February 9, 2005, the court issued an order granting an evidentiary hearing for issues 1a, 1b, 1c (in part), 2a, 2b, 3a, 4, 5, 7, 8 of the motion (Dkt. 11, Ex. 7). After an evidentiary hearing, the court dismissed Petitioner's remaining claims on April 28, 2005. *Id.*

Petitioner filed the instant federal habeas petition on March 2, 2006, raising the following thirteen grounds for relief:

1. The prosecutor's peremptory strikes on two African American jurors deprived him of his right to a jury of his peers.

2. The trial court violated his right to present his theory of defense by not allowing certain testimony of Arlene Ohinger.

3. The trial court erred by preventing him from testifying that he had pled guilty to previous crimes.

4. The trial court erred by proceeding to sentencing without granting defense counsel's request to defer sentencing so that she could solicit a mitigating statement from the victim.

---

[2] Because of this previously filed motion, the petition here was timely filed.

5. He would not have been found guilty in light of evidence of Celeste Brown's recantation of her testimony and Timothy Mann's testimony that was not offered at trial. Also, trial counsel was ineffective for failing to obtain statements from Celeste Brown and Timothy Mann.

6. Trial counsel was ineffective because she failed to obtain a handwriting expert's testimony that his signature was forged on the interrogation consent form. Also, she was ineffective because she did not move to suppress his confession based on the forgery.

7. Trial counsel was ineffective by (1) failing to challenge a potential juror, who was eventually selected, after Petitioner told her that he and the potential juror had been involved in drugs deals together and (2) not objecting to a prosecutorial comment that influenced the potential juror not to admit the transaction.

8. Trial counsel was ineffective for failing to object that the potential jurors were not sworn in at voir dire.

9. Trial counsel was ineffective for failing to object to a discovery violation and request a *Richardson* hearing when the prosecutor offered a supplemental report with new information on the second day of trial.

10. Trial counsel was ineffective for failing to object to an improper comment made by the prosecutor during closing arguments.

11. Trial counsel was ineffective for failing to challenge Mr. Napper as a potential juror because he indicated that he would believe the testimony of a police officer unless there was evidence to discredit it.

12. Trial counsel was ineffective because she did not object to his absence during an amendment to the information, a suppression hearing, and a judgment of acquittal.

13. Trial counsel was ineffective by failing to object to improper bolstering of a witness during closing arguments.

## **STANDARD OF REVIEW**

Because Petitioner's conviction was entered after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his petition is subject to the provisions thereof. When a federal court is asked to review a criminal conviction from state court, 28 U.S.C. §2254 places a heavy burden upon the petitioner. Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that:

(1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or

(2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. §2254(d); *Williams v. Taylor*, 529 U.S. 362, 362 (2000).

In *Williams v. Taylor*, the Supreme Court held:

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* Additionally, federal habeas relief is available under the "unreasonable application" standard only if the state court's application of clearly established federal law was

"objectively unreasonable." *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001).

In a proceeding under the second standard (an unreasonable determination of the facts), a state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1). This statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. *McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994).

## DISCUSSION

This Court has reviewed the state courts' decisions and determines that they are not contrary to or based on an unreasonable application of clearly established federal law to the facts of the case. *See* 28 U.S.C. §2254(d); *Williams*, 529 U.S. at 362. Thus, the petition fails to merit habeas relief.

**I.     Petitioner's claims do not merit relief under §2254.**

*Ground One*

Petitioner claims that he was not afforded a jury of his peers because the prosecutor had a racially-discriminatory motivation for requesting peremptory strikes on two African American jurors. Petitioner raised this issue on direct appeal, and the appellate court affirmed the decision of the trial court.

Under *Batson v. Kentucky*, once the opponent of a strike makes a *prima facie* showing of a pattern of racial discrimination, the proponent of the strike must offer a race-neutral explanation for the strike. 476 U.S. 79, 98 (1986). If the proponent offers such an

explanation, then the court must determine whether the opponent proved purposeful discrimination. *Id.*; *Purkett v. Elem*, 514 U.S. 765, 767 (1995). In both instances here, trial counsel challenged[3], and the prosecutor offered a race-neutral reason as required by *Batson*. *See* 476 U.S. at 98.

The ultimate burden to prove discriminatory intent rests with the opponent of the strike. *Purkett*, 514 at 768. Further, a trial court's finding in these circumstances is entitled to great deference by reviewing courts because it is a finding of fact that centers on credibility. *Batson*, 476 at 98 n21. The trial court's ruling must be sustained unless it is clearly erroneous. *Snyder v. Louisiana*, 128 S.Ct. 1203, 1207 (2008).

The first juror that Petitioner claims was excused because of race is Ms. Ford. The prosecutor explained Ms. Ford's son had been accused in a drug-related case years before and that he was concerned that could interfere with her ability to be impartial because the jury would be hearing the defendant's statement that he had traded the car for drugs (Dkt. 11, Ex. 4 at 62). The Petitioner asserts that this reason was pretextual because another potential juror, Mr. Jones, had a nephew accused of a drug-related crime and the prosecutor did not strike him until after the defense mentioned it.

The second potential juror that Petitioner alleges was improperly dismissed is Ms. Buchanan. The prosecutor expressed his concern that she did not seem to understand and needed him to repeat questions. *Id.* at 75. Referring to one of his hypothetical situations, the

---

[3]Technically, the first strike could not establish "a pattern" of discrimination. However, the Court will address both challenges.

prosecutor asked her, "you don't remember us going over that?" She replied that she did not. *Id.* at 66.

The trial court found the reasons given by the prosecutor to be nonpretextual. *Id.* at 75. The determination by the trial court that the peremptory challenges to these jurors were made for legitimate nonpretextual reasons is supported by the record. The transcript indicates that the prosecutor did want to challenge both potential jurors who admitted that close family members had been accused of drug-related crimes; the prosecutor requested the second potential juror be removed after the discussion of him was over. Also, the record does show that the prosecutor had to repeat or explain himself to Ms. Buchanan, and there is nothing to support the assertion that his belief that she did not adequately understand was insincere.

Because the state court has not been shown to have unreasonably applied federal law, ground one is denied.

*Ground Two*

Petitioner alleges that his right to present his defense was violated because the trial court did not admit the testimony of Arlene Ohinger on the grounds that it was not relevant. Petitioner claims that Ohinger's testimony would have aided his defense that he tricked Celeste Brown into exiting the car so that he could steal it. He alleges that she would have testified that she was angry at Brown, which motivated Brown to lie about him using a gun to take the car. The trial court did not disallow the testimony of Ohinger, but limited it from subjects the court found irrelevant, and, as a result, defense counsel decided not to call

Ohinger. Petitioner raised this issue on direct appeal, and the appellate court affirmed the judgment.

Generally, the state admissibility of evidence is not appropriate for federal habeas review, because "a federal court is limited to determining whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Evidentiary rules are the province of the state court, and the federal court is not to second-guess the judgment of the state court in matters of state law. *Id.* Such is the case here. Further, it was the choice of defense counsel not to call Ohinger as a witness. Thus, ground two is denied.

### *Ground Three*

Petitioner claims that the trial court erroneously prevented his testimony directed at anticipatory rehabilitation when his attorney asked him about his previous convictions. Actually, Petitioner was allowed to testify that he had been convicted of felonies six times previously. It was the follow-up question that drew the objection: "Have you ever gone to trial before?" (Dkt. 11, Ex. 4 at 270). The court sustained the objection of the prosecutor, but did not strike the defendant's response. The decision of the trial court was affirmed on appeal. This issue is also an evidentiary matter and is, therefore, a state determination not appropriate for review upon a federal habeas petition. *See id.*

### *Ground Four*

Petitioner alleges that trial court erroneously sentenced him without granting defense counsel's request to defer sentencing so that she could solicit a mitigating statement from the

victim. Petitioner claims that, because the prison releasee reoffender statute under which he was sentenced provides for an exception to the mandatory life sentence in light of a victim's wishes, the court was obligated to allow him more time to seek such a statement from the victim.

Compliance with state sentencing procedure is a matter for state courts and is not appropriate for habeas review by a federal court. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("[W]e consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures."). The limited scope of habeas review is not changed simply because a state issue is "couched in terms of equal protection and due process." *Id.* (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976)). Therefore, this issue is not appropriate for review in this Court.

## II.     Petitioner's claims do not merit relief under the *Strickland* standard.

Petitioner's remaining grounds allege ineffective assistance of counsel. To establish a *prima facie* claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient, and that the deficient performance prejudiced the Petitioner. *Strickland v. Washington*, 466 U.S. 668, 684 (1984). The Petitioner's case is prejudiced when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The *Strickland* standard defines the proper measure of attorney performance as "reasonable under prevailing professional norms," but counsel is "strongly presumed" to have rendered adequate assistance. *Id.* at 688, 690. If a petitioner fails to meet either prong of the *Strickland* two-part test, the claim can

be denied without consideration of the other prong. *Id.* at 691.

*Ground Five*

Petitioner alleges that the jury would not have found him guilty in light of Celeste Brown's recantation of her testimony and Timothy Mann's testimony that was not offered at trial. Though this claim was raised in his 3.850 motion, it was not properly exhausted in the state court because he waived it at his evidentiary hearing and did not pursue it on appeal. Thus, it is procedurally barred from review in a federal habeas petition. *See Martin v. Crosby*, 2006 WL 314504 (M.D. Fla.) (finding that claims in § 2254 petition were unexhausted and procedurally barred where the petitioner had not appealed the trial court's decision regarding the claims in his 3.850 motion); *Rodwell v. Singletary*, 113 F.Supp.2d 1308, 1312 (M.D. Fla. 2000). Federal habeas courts may not review the merits of procedurally defaulted claims unless a petitioner demonstrates cause and prejudice or a fundamental miscarriage of justice. *See Knight v. Singletary*, 50 F.3d 1539, 1543 (11th Cir. 1995). Petitioner has made no showing that his claim fits one of these exceptions.

Petitioner also claims that trial counsel was ineffective for failing to obtain statements from Celeste Brown and Timothy Mann. This claim was also raised in his 3.850 motion. The trial court summarily denied this claim in regard to Ms. Brown because she did testify at trial. The court therefore found that the defendant was not prejudiced. Because the trial court reasonably applied the appropriate *Strickland* standard, this part of the claim is denied. *See* 466 U.S. at 684.

The trial court found that the Petitioner was entitled to an evidentiary hearing in regard to his claim involving Mr. Mann. At the evidentiary hearing, the Petitioner chose not to proceed on this ground. The trial court, therefore, denied his claim for the failure to present evidence. He did not pursue this issue at appeal and exhaust it in the state court. Thus, this ground is procedurally barred from review in this Court. *See Martin*, 2006 WL 314504. Petitioner is not claiming that cause and prejudice or a fundamental miscarriage of justice exist to merit an exception. *See Knight*, 50 F.3d at 1543. Therefore, this claim is denied.

<u>Ground Six</u>

Petitioner claims that his trial counsel was ineffective because she failed to obtain a handwriting expert's testimony that his signature was forged on the interrogation consent form and failed to move to suppress his confession based on the forgery. The trial court conducted an evidentiary hearing when Petitioner raised this issue in his 3.850 motion. The trial court, applying the *Strickland* standard, found that the actions of trial counsel did not result in prejudice. *See* 466 U.S. at 684. The defendant testified that his signature was forged, but that he had understood his rights and had made the statement at issue. The defendant also admitted that the forgery did not really matter because the police recorded his statement accurately. The Petitioner failed to prove that any expert would have testified that the signature was a forgery and that it would have made any difference in the outcome of his trial. Further, the Petitioner admitted that he deferred all decisions to his counsel because of her experience. Therefore, he did not show prejudice and failed to meet the *Strickland*

standard.  *See Id.*  The claim is denied.

*Ground Seven*

The Petitioner alleges that trial counsel was ineffective by failing to strike a potential juror when he told her that he had been involved in a drug transaction with that potential juror.  He claims that he told his trial counsel that he knew the potential juror from a drug transaction before jury selection.  He further claims that the jury would not have found him guilty if this biased juror had been challenged.  The Petitioner did not initially name this juror in his 3.850 motion, but identified Mr. Napper as the juror at his evidentiary hearing.  The defendant claims to have sold Mr. Napper fake cocaine.  At the evidentiary hearing, the Petitioner admitted that he chose to defer to his counsel's judgment to include the juror after they discussed the subject.  His attorney stated at the evidentiary hearing that she did not recall the defendant mentioning a drug transaction with a potential juror, but that it was possible.  The state court found that the defendant had not met the prejudice prong of *Strickland* because he made the decision to keep Mr. Napper as a juror based on his counsel's advice.  The Petitioner cannot show either deficient performance or prejudice when he made the decision himself.  Further, this Court finds it extraordinary that an attorney would not recall a defendant claiming to have sold a potential juror fake cocaine.  Petitioner has not met the burden under the second prong of *Strickland* test, and this claim is denied.

He also alleges that counsel should have objected to the prosecutor's comment to the potential jurors that, ". . . can you be fair and impartial.  If you can do that, it doesn't matter if you have prejudices, biases, sympathies" (Dkt. 11, Ex. 11 at 432).  Defendant claims that

this statement encouraged Mr. Napper not to reveal his prior involvement with the defendant. The state court found that the comment was consistent with the law and not improper, and the decision was affirmed on appeal. Thus, the state court found that the first prong of *Strickland* was not satisfied because the defendant did not prove that counsel acted deficiently by not objecting. However, because the defendant chose to keep Mr. Napper on the panel when he was aware of any past involvement with Mr. Napper, this Court finds that he has not satisfied the second prong of *Strickland* by showing how he was prejudiced.

### *Ground Eight*

Petitioner claims that trial counsel was ineffective when she did not object to the court failing to swear in prospective jurors prior to jury selection. He claims that Mr. Napper would not have lied about knowing the defendant if he had been under oath and would have been excluded from the jury, resulting in a different verdict. However, the record shows that the potential jurors were never asked whether they knew the defendant. Thus, Mr. Napper did not lie about knowing the defendant. The state court found that the claim did not meet the second prong of *Strickland*, and the appellate court affirmed without a written opinion. This claim is denied because Petitioner has not shown how he was prejudiced by his counsel's failure to object when the potential juror did not lie about knowing him.

### *Ground Nine*

The Petitioner further alleges ineffective assistance of counsel regarding his attorney's failure to object or request a *Richardson* hearing when the prosecution offered a supplemental report on the second day of trial. He claims that the report suggested that he

had run along the river which allowed the prosecutor to infer that he had thrown a gun into the river. At the evidentiary hearing, trial counsel said that she believed she should have requested a *Richardson* hearing and did not know why she did not do so. However, the state court held that the defendant did not satisfy the prejudice prong of the *Strickland* test because he testified at trial that he had lost a shoe as he ran along the river. This decision was affirmed on appeal. Petitioner did testify that he had been near the river: "Then I run -- I run along the river" (Dkt.11, Ex.11 at 418). Petitioner has not shown how he was prejudiced under the *Strickland* standard when his own testimony offered the same information as the report. Thus, this claim is denied.

### *Ground Ten*

The Petitioner claims that his counsel was ineffective for not objecting to a comment by the prosecutor during closing arguments: "I submit that if you buy counsel's argument, you have to disregard the testimony of all four witnesses." The record shows that defense counsel did object to this comment (Dkt. 11, Ex. 11 at 47). Additionally, the state court found the comment to be a permissible argument. Therefore, the Petitioner has not shown that trial counsel acted deficiently to satisfy the first prong of *Strickland*, and this claim is denied.

### *Ground Eleven*

Petitioner alleges ineffective assistance for his attorney failing to challenge a potential juror, Mr. Napper, after he commented that "Of course, I would want my law enforcement officer to be honest and forthcoming and would want to believe them . . . but if you have

someone who is saying I have facts that prove otherwise, I'll take that into consideration" (Dkt. 11, Ex. 11 at 511). He claims that comment demonstrated that Mr. Napper placed the burden on the defense instead of the prosecution, and that he would have been acquitted if Mr. Napper was not on the jury. At the evidentiary hearing, the defendant admitted that it was his choice to keep Mr. Napper on the jury. Thus, this claim fails to meet the first prong of *Strickland* by showing that counsel acted deficiently and is denied.

*Ground Twelve*

Petitioner further claims that he was not present during an amendment to the information, a suppression hearing, and a judgment of acquittal, and that his attorney was ineffective by not objecting to his absence. At the evidentiary hearing, the defendant claimed that if he had been present at the suppression hearing, he would have testified that his signature on the interrogation consent form was forged and that he had not been allowed a phone call. He also admitted that the suppression hearing was on a separate issue. He claimed that he would have told his counsel to object to the amendment of the information and represented himself if she refused. He testified that he did not know what would have been different if he had been present at the judgment of acquittal. The state court found that the defendant had not shown how his absence resulted in a different outcome and that his claim did not merit relief under the second prong of *Strickland*. By the Petitioner's own admission, he cannot show how the outcome would have been different if he was present at the judgment of acquittal. Also, he offers no evidence to suggest that his presence would have effected a different result even if he had objected to the amendment to the information

which was simply a correction to a typographical error in the date. Additionally, the record indicates that Petitioner was present at the suppression hearing held on December 11, 2001. His counsel asked the court, "May my client step down and stand next to me?" (Dkt. 11, Ex. 4 at 429). Therefore, Petitioner has not shown how he suffered prejudice as a result of his counsel's failure to object to his absence, and this claim is denied.

*Ground Thirteen*

Petitioner claims that his counsel was ineffective for failing to object to improper bolstering of an officer's testimony during closing argument. Specifically, Petitioner alleges that counsel should have objected when the prosecutor said the following: "You have three separate officers and a victim who have no reason to come in here, have no incentive, have nothing other than coming in here and telling you what happened . . ." (Dkt. 11, Ex. 11 at 186). The record indicates that counsel did interrupt the argument to object to this statement as the Respondent pointed out and Petitioner conceded. Accordingly, Petitioner withdraws this ground in his reply.

## **CONCLUSION**

For the reasons set forth above, all of Petitioner's claims are without merit and will therefore be denied.

It is therefore ORDERED AND ADJUDGED that:

1.      The petition for writ of habeas corpus (Dkt. 1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on August 18, 2008.

```
                                    JAMES S. MOODY, JR.
                                    UNITED STATES DISTRICT JUDGE
```

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2006\06-cv-379.deny 2254.frm*